IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHNNY ALLEN SLOVER, )
)
    Plaintiff, )
)
) CIV-14-428-F
v. )
)
MIKE ADDISON, Warden, et al., )
)
    Defendants. )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having conducted a review of the sufficiency of the Complaint under 28 U.S.C. § 1915A, the undersigned recommends that the cause of action be dismissed for failure to state a claim upon which relief may be granted.

In his Complaint filed April 28, 2014, Plaintiff has named Mr. Michael Addison, in his capacity as the Warden of the Joseph Harp Correctional Center ("JHCC") in Lexington, Oklahoma, and Mr. Randall Workman, in his capacity as the former Warden of the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. According to the Complaint, Plaintiff is currently in custody at JHCC.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a

1

governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

II. Mishandling of Incoming Mail

In Plaintiff's first ground for relief, Plaintiff alleges a violation of due process stemming from the "theft or mishandling of incoming checks." Complaint, at 3. As support, Plaintiff alleges that his "survivor annuity checks" were "lost or stolen 4 different years at two different prisons" and Defendants Addison and Workman "are Warden's at the prisons where my checks come up [sic] missing and have a responsibility to ensure the security of the mail." Id. As background support for this claim, Plaintiff alleges only that his "survivor

annuity checks have come up missing 4 times, 3 times at [OSP] from 2009 to 2012 and once at [JHCC] in 2014." Id., at 2.

Plaintiff has not alleged that either Defendant Addison or Defendant Workman were in any way involved in the alleged mishandling of his mail. Plaintiff has alleged in the Complaint nothing more than a subjective belief that he should have received certain checks in the mail on four different occasions over a six year period while he was in prison in two different correctional facilities.

Even assuming that some prison official neglected to forward all of Plaintiff's mail to him, "the mere lack of due care by a prison official" does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. Daniels v. Williams, 474 U.S. 327, 330-331 (1986). In Daniels, a case involving an inmate who sought damages under § 1983 after he allegedly was injured when he slipped on a pillow negligently left on the stairs by a correctional official, the Supreme Court explained that the guarantee of due process historically applied to "*deliberate* decisions of government officials to deprive a person of life, liberty, or property" and was "intended to secure the individual from the arbitrary exercise of the powers of the government." Id. at 331(internal quotations and citation omitted).

Under circumstances like that in Daniels or in similar cases in which prison custodians "misla[id] an inmate's property," the prison officials' "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment

3

would trivialize the centuries-old principle of due process of law." Id. at 332. Plaintiff speculates that his mail may have been either mishandled or stolen, but he does not allege any facts upon which to infer anything other than negligent conduct on four occasions over a six-year period on the part of unidentified prison officials.

Moreover, individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation. Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted). "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff has not alleged ANY action by either Defendant that would indicate personal involvement in the alleged mishandling of Plaintiff's incoming mail. He has alleged only that the Defendants are or were supervisors of the prisons in which he was confined. A general prison policy regarding receipt of incoming mail does not suffice to show personal involvement in the purported mishandling of Plaintiff's mail.

Finally, no Fourteenth Amendment "due process violation occurs when a state employee negligently deprives an individual of property, so long as the state provides an adequate post-deprivation remedy." Wolfenbarger v. Williams, 774 F.2d 358, 363 (10th Cir.

4

1985)(explaining Supreme Court's holding in Parratt v. Taylor, 451 U.S. 527 (1981). This conclusion applies to an unauthorized as well as an intentional deprivation of property by a state employee. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Even if he could name a defendant who was allegedly involved in the mishandling of his mail, Plaintiff has not alleged that the well-established grievance procedure of the Oklahoma Department of Corrections ("ODOC")[1] was insufficient to provide him a post-deprivation remedy for his alleged property loss. See Peterson v. Lampert, 499 Fed.App'x. 782, 785 (10th Cir. 2012)(unpublished op.)(holding prison's grievance process was sufficient post-deprivation remedy for personal property loss due to unauthorized act of state employee).[2] Consequently, Plaintiff has failed to state a plausible claim upon which relief may be granted under 42 U.S.C. § 1983, and this claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).[3]

---

[1] See Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010)(describing ODOC's "four-step process for administrative exhaustion of prisoner claims"); Thomas v. Parker, 609 F.3d 1114, 1117 (10th Cir. 2010)("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

[2] Plaintiff has "a further post-deprivation remedy in the form of a replevin action based on contract in the Oklahoma state courts." Id. (citing Gibson v. Copeland, 13 P.3d 989, 991-92 (Okla.Civ.App. 2000), and Okla. Stat. tit. 12, § 1751(A)(2). Plaintiff does not allege that this remedy is unavailable or insufficient.

[3] In light of the paucity of allegations in the Complaint and the absence of allegations sufficient to infer Plaintiff could state a plausible claim for relief against the Defendants or any state official, allowing Plaintiff to amend the Complaint would be futile. See Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the trial court may deny leave to amend where amendment would be futile.").

III. <u>Telephone Communications with Attorney</u>

In count two of the Complaint, Plaintiff alleges that "[c]alls to my attorney are being blocked by the prison limiting my access to the courts because he is preparing suit." Complaint, at 3. As supporting facts, Plaintiff alleges that after a "legal visit" with his attorney he was advised by an unidentified prison official that he could not telephone the attorney because the attorney was "not on your call list." <u>Id.</u> Plaintiff also suggests in a speculative manner that his attorney "has written but my mail does not get through." <u>Id.</u>

Pursuant to <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), inmates have a constitutionally-protected right of access to the courts, and States must affirmatively assure that inmates are provided "meaningful access to the courts." <u>Id.</u> at 820-821, 824. Because there is no "abstract, freestanding right to a law library or legal assistance," however, an inmate alleging a denial of his right of access to the courts must show actual injury such that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 356 (1996). <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-416 (2002)(recognizing that inmates alleging a denial of the right of access to the courts must show either "systemic official action [which] frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time" or a claim that "cannot now be tried (or tried with all material evidence) . . . [because past official action] caused the loss or inadequate settlement of a meritorious case . . . .").

Plaintiff alleges only that he has been unable to telephone his attorney on some

6

unidentified date or dates because the attorney was not included on the Plaintiff's permitted "call list." Plaintiff has not alleged any actual injury as a result of his purported inability to telephone his attorney following a "legal visit." Nor has Plaintiff alleged the requisite personal involvement of either of the named Defendants in his alleged inability to telephone his attorney. Plaintiff has not stated a plausible claim in count two of a denial of his right of access to the courts, and the claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).[4]

IV. "Bank Fraud"

In count three of the Complaint, Plaintiff's allegations are difficult to comprehend. The most that can be interpreted from the vague and conclusory allegations is that Plaintiff believes "a prison employee" closed his personal savings account in a local bank "in June 2004 illegally" and misappropriated the money in the account. Complaint, at 4. He alleges this "bank fraud [was] covered up by prison officials." Id.

Plaintiff has not alleged ANY action by either Defendant that would indicate personal involvement in the alleged misappropriation of Plaintiff's personal funds. He has alleged only that the Defendants are or were supervisors of the prisons in which he was confined. Additionally, even if Plaintiff could allege the personal involvement of one or both

---

[4]In light of the paucity of allegations in the Complaint and the absence of allegations suggesting Plaintiff could state a plausible claim for relief against the Defendants or any state official, allowing Plaintiff to amend the Complaint would be futile. See Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the trial court may deny leave to amend where amendment would be futile.").

Defendants or any other state officials. the applicable two-year statute of limitations governing 42 U.S.C. § 1983 actions filed within this district bars any relief on this claim. See Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(court may "consider affirmative defenses sua sponte" for the purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed")(quotations and alterations omitted); Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)(for § 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury suits applies). Therefore, this claim should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims in counts one and two be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and that Plaintiff's claim in count three be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 8th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely

object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __18th__ day of __June__, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE